UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

        Plaintiff,

    v.

(1) Jeffrey John Wirth,
(2) Holly Claire Damiani, f/k/a
Holly Claire Wirth, and
(3) Michael James Murry,

        Defendants.

**MEMORANDUM OPINION AND ORDER**
Crim. No. 11-256 ADM/JJK

---

Christian S. Wilton, Esq., and William J. Otteson, Esq., United States Attorney's Office, Minneapolis, MN, on behalf of Plaintiff United States of America.

Christopher W. Madel, Esq., Amy E. Slusser, Esq., Jennifer M. Robbins, Esq., and Aaron R. Thom, Esq., Robins Kaplan Miller & Ciresi LLP, Minneapolis, MN, on behalf of Defendant Jeffrey John Wirth.

Andrew M. Luger, Esq., and David J. Wallace-Jackson, Esq., Greene Espel PLLP, Minneapolis, MN, on behalf of Defendant Holly Claire Damiani.

William J. Mauzy, Esq., and Casey T. Rundquist, Esq., Law Offices of William J. Mauzy, Minneapolis, MN, on behalf of Defendant Michael James Murry.

---

## I.  INTRODUCTION

This matter is before the undersigned United States District Judge for a ruling on the Plaintiff United States of America's (the "Government") Appeal of Magistrate Judge's Order to Disclose Agents' Rough Notes and Drafts of Interview Memoranda [Docket No. 126] (the "Appeal"). The Government appeals, in part, Magistrate Judge Jeffrey J. Keyes' Orders dated February 17, 2012 [Docket Nos. 119, 121, 122]. Specifically, the Government appeals Judge Keyes' grant in part and denial in part of Defendant Jeffrey John Wirth's ("Wirth") Motion to Compel Specific Rule 16(a) and *Brady* Material [Docket No. 86], Defendant Michael James

Murry's ("Murry") Motion [to] Compel Production of *Brady* and Rule 16 Materials [Docket No. 87], and Defendant Holly Claire Damiani's ("Damiani") oral motion to join Wirth's motion. For the reasons set forth below, the Appeal is denied.

## II.  BACKGROUND

On August 17, 2011, an Indictment [Docket No. 1] was filed charging Defendants Wirth, Damiani, and Murry with crimes related to tax evasion. On November 4, 2011, Wirth sought leave to file a motion for a bill of particulars. See Mot. for Leave to File a Mot. For Bill of Particulars [Docket No. 39]. On November 17, 2011, Murry also sought leave to file a motion for a bill of particulars. See Def. Murry's Mot. for Leave to File a Mot. for Bill of Particulars [Docket No. 52].

By Order [Docket No. 61] dated December 20, 2011, Judge Keyes denied Wirth and Murry's motions reasoning that the Indictment provided sufficient notice of the charges against them and Wirth and Murry's requests were more akin to discovery than a bill of particulars. Dec. 20, 2011 Order at 4–9. In doing so, Judge Keyes expressly noted he was not addressing any issues regarding the Government's compliance with Rule 16 of the Federal Rules of Criminal Procedure. Id. at 9–10 n.1.

Heeding Judge Keyes' distinction, discovery motions followed. Relevant to the present Appeal, Wirth moved for an order compelling production of rough notes from each interview conducted by the Government in connection with this case and all draft interview summaries in electronic format with metadata intact. Def. Jeffrey John Wirth's Mot. to Compel Specific Rule 16(a) & *Brady* Material 1. Likewise, Murry moved to compel production of materials subject to disclosure under Rule 16 and Brady v. Maryland, 373 U.S. 83 (1963), generally, and joined in

Wirth's motion for specific disclosures.  See Def. Murry's Mot. [to] Compel Production of Brady & Rule 16 Materials [Docket No. 87]; Def. Murry's Mot. to Join Jeffrey Wirth's Mot. to Compel Specific Rule 16(a) & Brady Materials [Docket No. 89].  Judge Keyes granted the motions to the extent the motions and summaries related to interviewees that would testify as witnesses.  Judge Keyes further noted that the motions were granted to the extent they conform with Rules 12 and 16, and Brady and its progeny, but denied to the extent they required disclosure of material protected from disclosure by the Jencks Act or work-product doctrine.  The Government's Appeal followed.

### III. DISCUSSION

#### A. Standard of Review

The standard of review applicable to an appeal of a magistrate judge's order on a nondispositive issue is extremely deferential.  Reko v. Creative Promotions, Inc., 70 F. Supp. 2d 1005, 1007 (D. Minn. 1999).  The district court must affirm an order by a magistrate judge unless it is "clearly erroneous or contrary to law."  Fed. R. Civ. P. 72(a).  "A finding is 'clearly erroneous' when, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed."  Chakales v. Comm'r of Internal Revenue, 79 F.3d 726, 728 (8th Cir. 1996).  "A decision is 'contrary to the law' when it 'fails to apply or misapplies relevant statutes, case law or rules of procedure.'"  Knutson v. Blue Cross & Blue Shield of Minn., 254 F.R.D. 553, 556 (D. Minn. 2008) (quoting Transamerica Life Ins. Co. v. Lincoln Nat'l Life Ins. Co., 592 F. Supp. 2d 1087, 1093 (N.D. Iowa 2008)).

### B. Government's Disclosure Obligations

"There is no general constitutional right to discovery in a criminal case." Weatherford v. Bursey, 429 U.S. 545, 559 (1977). Traditionally, discovery in criminal cases was extremely limited, allowed primarily for the inspection of instruments of crime or injuries of victims. See People ex rel. Lemon v. Supreme Court of State of New York, 156 N.E. 84, 85–86 (N.Y. 1927) (Cardozo, C.J.) (discussing historical development of criminal discovery). In 1946, however, Rule 16 of the Federal Rules of Criminal Procedure was adopted and provided limited discovery as a matter of right, which has since been expanded. See United States v. Randolph, 456 F.2d 132, 136 (3d Cir. 1972).

As amended, Rule 16 now requires the Government to allow the defendant to inspect, copy, or photograph all books, papers, documents, data, photographs, tangible objects, buildings, or places if the item is material to the preparation of the defense, the Government plans to use the item in its case-in-chief at trial, or the item was obtained from or belongs to the defendant. Fed. R. Crim. P. 16(a)(1)(E). In the context of the federal rules, "material" simply means "helpful to the defense." United States v. Vue, 13 F.3d 1206, 1208 (8th Cir. 1994) (citations omitted). However, the Government need not disclose items protected by the work-product doctrine. See United States v. Nobles, 422 U.S. 225, 236–40 (1975) (extending work-product doctrine to criminal, as well as civil, discovery); see also Fed. R. Crim. P. 16(a)(2). The work-product doctrine protects material prepared by an attorney acting for a client in anticipation of litigation. Nobles, 422 U.S. at 237–38 (quotation omitted). This protection extends also to investigators and other agents for the attorney. Id. at 238–39. Rule 16, however, does not alter the Government's disclosure obligations under 18 U.S.C. § 3500, commonly known as the

Jencks Act. Fed. R. Crim. P. 16(a)(2). Under the Jencks Act, the Government must produce any statement of a witness in the possession of the Government to the defense after the witness has testified on direct examination. 18 U.S.C. § 3500.

In addition to the disclosure requirements of Rule 16, due process requires the Government disclose evidence favorable to the defendant that is material to either guilt or punishment. Brady v. State of Maryland, 373 U.S. 83, 87 (1963). This general rule extends to evidence affecting the credibility of important Government witnesses. Giglio v. United States, 405 U.S. 150. 154 (1972). Brady, however, "is not a discovery rule, but a rule of fairness and minimum prosecutorial obligation." United States v. Malone, 49 F.3d 393, 396 n.4 (8th Cir. 1995) (quoting United States v. Roach, 28 F.3d 729, 734 (8th Cir. 1994)). Therefore, the test for materiality under Brady is often stated in hindsight. "[E]vidence is material only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." United States v. Ladoucer, 573 F.3d 628, 636 (8th Cir. 2009) (alteration in original) (quoting Pennsylvania v. Ritchie, 480 U.S. 39, 57 (1987)).

Although Brady is not a rule of discovery, Brady and Rule 16 overlap to the extent documentary evidence (available for discovery under Rule 16) is exculpatory (and therefore subject to disclosure under Brady). United States v. Kaplan, 554 F.2d 577, 579–80 (3d Cir. 1977). Likewise, documentary evidence that is not exculpatory may still be subject to disclosure under Rule 16, and exculpatory evidence not in a tangible form may be required to be disclosed under Brady. Id. at 580.

Furthermore, because Brady is not a rule of discovery, the application of the work-product doctrine is unclear. Neither of this Court's binding appellate bodies, the U.S. Supreme

Court or the U.S. Court of Appeals for the Eighth Circuit, have directly addressed the question. Nonetheless, the consensus is that Brady mandates disclosure of exculpatory evidence notwithstanding the work-product doctrine, except where work product is solely mental impressions, conclusions, or legal theories, i.e. so-called "opinion work product." See United States v. Armstrong, 517 U.S. 456, 474–75 (1996) (Breyer, J., concurring in part and concurring in the judgment) (presupposing Brady overrides work-product doctrine); United States v. Kohring, 637 F.3d 895, 907 (9th Cir. 2011) (holding that prosecutor does not have duty under Brady or Giglio to disclose opinion work product unless they contain underlying exculpatory facts); Williamson v. Moore, 221 F.3d 1177, 1182–83 (11th Cir. 2000) (ruling that work-product doctrine bars disclosure of opinion work product under Brady unless extraordinary circumstances provide exception).

 Defendants Wirth and Murry sought disclosure of several items from the Government. Relevant to the Government's Appeal, Wirth and Murry sought (1) rough notes from each person interviewed by the Government, and (2) all draft interview summaries in electronic format. Wirth and Murry aver these rough notes and draft summaries may provide impeachment fodder to the extent the rough notes or draft summaries differ materially from the final interview summaries. The Government argues rough notes and draft summaries in electronic format, which will include associated metadata, are protected by the work-product doctrine. Judge Keyes ordered the Government to produce rough notes and draft summaries in electronic format to the extent the notes or summaries relate to testimony to be provided by a witness. However, Judge Keyes noted that Wirth and Murry's motions were denied to the extent they sought disclosure of material protected by the work-product doctrine.

The Government now appeals, arguing (1) disclosure is not required under Rule 16 because the note and draft summaries are protected work product, (2) the notes and draft summaries are not Brady material, and (3) the notes and draft summaries are not statements subject to disclosure under the Jencks Act. Because Judge Keyes expressly noted that the notes and draft summaries that are work product are not discoverable and merely restated the Government's Brady obligation, the Court finds no clear error and affirms Judge Keyes' Order. However, because there appears to be some confusion regarding the precise contours of the Government's disclosure obligations under Judge Keyes' Order, the Court will take this opportunity to clarify those obligations.

At the outset, it is difficult to imagine rough notes and draft summaries that will not be protected from disclosure by the work-product doctrine. However, courts have often noted the difficulty of making discovery rulings without the benefit of knowing either the contents of the material sought nor the importance those materials will take after the record has been fully developed at trial. See, e.g., United States v. Agurs, 427 U.S. 97, 108 (1976) (noting that "the significance of an item of evidence can seldom be predicted accurately until the entire record is complete"). If rough notes and draft summaries that are not work product do exist, they are discoverable under Rule 16.

Rule 16, however, protects from disclosure "reports, memoranda, or other internal government documents made by an attorney for the government or other government agent in connection with investigating or prosecuting the case." Fed. R. Crim. P. 16(a)(2). The exception may well swallow the rule in this case. It is the law, and Judge Keyes held, that the Government's work product is protected from discovery under Rule 16. Nearly all rough notes

and interview draft summaries would likely qualify as "internal government documents" under Rule 16.  Electronic draft summaries with intact metadata, in particular, are entitled to strong protection.  Work product revealing mental process is "opinion work product" entitled to stronger protection than other types of work product.  See, e.g., United States v. Adlman, 134 F.3d 1194, 1197 (2d Cir. 1998) (noting that documents that tend to reveal mental process are opinion work product and receive special protection).  Metadata, almost by definition, shows the mental processes of the drafter of a document by revealing the drafter's drafting decisions and steps.  See 56 S.D. L. Rev. 25, 35 (2011) (noting metadata "might include creation and editing dates, author and user names, comments, and historical data identifying specific document modifications").

      The Rule 16 analysis is largely the end of the inquiry because of the significant overlap of Rule 16 items material to the preparation of the defense and Brady items.  See Kaplan, 554 F.2d at 579–80 (explaining overlap between Rule 16 and Brady, particularly in context of documentary evidence).  If a material difference exists between the rough notes, draft summaries, and final interview summaries, however, those differences may provide impeachment evidence that obligates disclosure by the Government under Brady.  Cf. United States v. Grunewald, 987 F.2d 531, 535 (8th Cir. 1993) (suggesting disclosure of handwritten notes is required under Jencks Act or Brady if handwritten notes differ materially from type-written summaries of notes).  However, the work-product doctrine shields any "opinion work product" from disclosure, even under Brady, unless an exception to the work-product doctrine exists.  See Armstrong, 517 U.S. at 474–75 (Breyer, J., concurring in part and concurring in the judgment); Kohring, 637 F.3d at 907; Williamson, 221 F.3d at 1182–83.  As noted above, rough

notes and electronic draft summaries with intact metadata in particular may be properly classified as "opinion work product." Therefore, to the extent such summaries are "opinion work product," they are shielded from disclosure, even under Brady.

In summary, rough notes and electronic draft summaries that are not work product must be produced, but notes and summaries that are work product are shielded from disclosure under Rule 16. If material differences exist between the rough notes or draft summaries and the final summaries, the notes or summaries may be subject to disclosure under Grunewald. Notwithstanding Grunewald, however, "opinion work product" is protected from disclosure, even under Brady. While the Court and parties remain blind as to the contents of undisclosed items and precisely how those items would be material to undisclosed defense theories, the above legal principles should provide sufficient guidance for the Government to meet its disclosure obligations.

## IV.  CONCLUSION

Based upon the foregoing, and all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that the Government's Appeal [Docket No. 126] is **DENIED** and Magistrate Judge Jeffrey J. Keyes' Orders dated February 17, 2012 [Docket Nos. 119, 121, 122] are **AFFIRMED**.

BY THE COURT:


    s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated:  April 3, 2012.