UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

        Plaintiff,

   v.                                  **ORDER**
                                      Civil No. 11-256 ADM/JJK

(1) Jeffrey John Wirth, and
(3) Michael James Murry,

        Defendants.

___

Christian S. Wilton, Esq., and William J. Otteson, Esq., United States Attorney's Office, Minneapolis, MN, on behalf of Plaintiff United States of America.

Christopher W. Madel, Esq., Amy E. Slusser, Esq., Jennifer M. Robbins, Esq., and Aaron R. Thom, Esq., Robins Kaplan Miller & Ciresi LLP, Minneapolis, MN, on behalf of Defendant Jeffrey John Wirth.

William J. Mauzy, Esq., and Casey T. Rundquist, Esq., Law Offices of William J. Mauzy, Minneapolis, MN, on behalf of Defendant Michael James Murry.

___

      This matter is before the undersigned United States District Judge for a ruling on Defendant Jeffrey John Wirth's ("Wirth") Appeal of Magistrate Judge's Order Denying Defendant Wirth's Motion to Compel Production of Specific Rough Notes and Draft Interview Summaries (With Metadata Intact) [Docket No. 140] ("Appeal"). Wirth appeals Magistrate Judge Jeffrey J. Keyes' Order dated April 16, 2012 [Docket No. 139] denying as moot Wirth's Motion to Compel Production of Specific Rough Notes and Draft Interview Summaries (With Metadata Intact) [Docket No. 134] (the "Motion to Compel").

      The Motion to Compel followed a Memorandum Opinion and Order dated April 3, 2012 [Docket No. 133] (the "April 3, 2012 Order") also concerning disclosure by the Government to Wirth of rough notes and draft interview summaries. In the April 3, 2012 Order, the Court

affirmed a prior Order by Judge Keyes and delineated the Government's disclosure obligations. Specifically, the Court noted that any tangible object in possession of the Government must be disclosed upon request if material to preparing the defense, Fed. R. Crim. P. 16(a)(1)(E), unless the material requested consists of reports, memoranda, or other internal Government documents made in connection with investigating or prosecuting the case, Fed. R. Crim. P. 16(a)(2). April 3, 2012 Order 4–5, 7–8. The Court further noted that if material differences exist between typed summaries of witness interviews (already produced by the Government) and an agent's rough notes or draft summaries, the rough notes or draft summaries may be subject to disclosure under Brady. Cf. United States v. Grunewald, 987 F.3d 531, 535 (8th Cir. 1993). However, so-called "opinion work product" is protected from disclosure notwithstanding Brady. United States v. Kohring, 637 F.3d 895, 907 (9th Cir. 2011). In summary, the work-product doctrine serves as an exception to the Government's disclosure obligations under both Rule 16 and Brady.

Wirth seeks both rough notes of interviews and draft summaries of interviews with intact metadata. As the Court noted previously, the nature of those items is such that the "exception may well swallow the rule in this case." April 3, 2012 Order 7. After the April 3, 2012 Order, Wirth again sought those items from the Government. The Government invoked the work-product doctrine and refused disclosure. Through the Motion to Compel, Wirth sought a privilege log from the Government stating the basis for invoking the work-product doctrine. Judge Keyes denied that request and this Appeal followed.

The standard of review applicable to an appeal of a magistrate judge's order on a nondispositive issue is extremely deferential. Reko v. Creative Promotions, Inc., 70 F. Supp. 2d 1005, 1007 (D. Minn. 1999). The district court must affirm an order by a magistrate judge

unless it is "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a). "A decision is 'contrary to the law' when it 'fails to apply or misapplies relevant statutes, case law or rules of procedure.'" Knutson v. Blue Cross & Blue Shield of Minn., 254 F.R.D. 553, 556 (D. Minn. 2008) (quoting Transamerica Life Ins. Co. v. Lincoln Nat'l Life Ins. Co., 592 F. Supp. 2d 1087, 1093 (N.D. Iowa 2008)).

Here Judge Keyes denied the request for a privilege log citing a persuasive case from the U.S. District Court for the Eastern District of California. April 16, 2012 Order [Docket No. 139] 2 (citing United States v. Jack, 263 F.R.D. 640, 646 (E.D. Cal. 2010)). In response, Wirth cites several cases from other jurisdictions not binding on this Court ordering privilege logs in criminal cases. Without any binding precedent on this issue, Judge Keyes' decision did not fail to apply relevant case law. Judge Keyes cited persuasive authority and the Court will not disturb that ruling.

Wirth also argues Judge Keyes misread Jack because the items there were not subject to disclosure, while the Court here has noted the abstract possibility that some of the items could be discoverable. This argument is unpersuasive. The Jack court reasoned that the items were not subject to discovery because of Rule 16(a)(2) and denied the request for a privilege log. Jack, 263 F.R.D. at 646. While the abstract possibility existed that some of the rough notes or draft summaries could have been subject to disclosure if not subject to the work-product doctrine, now the Government has averred that the work-product doctrine applies. With that averment, Jack is not distinguishable. Therefore, Judge Keyes' Order is affirmed and the Appeal is denied.

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant Wirth's Appeal of Magistrate Judge's Order Denying Defendant Wirth's Motion to Compel Production of Specific Rough Notes and Draft Interview

Summaries (With Metadata Intact) [Docket No. 140] is **DENIED** and Judge Keyes Order dated April 16, 2012 [Docket No. 139] is **AFFIRMED**.

BY THE COURT:

     s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated: May 4, 2012.